IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHRISTOPHER FRENCH                                                          PETITIONER

v.                                    NO. 5:05CV00263 HDY

LARRY NORRIS, Director of the                                              RESPONDENT
Arkansas Department of Correction

MEMORANDUM OPINION AND ORDER

STATE COURT PROCEEDINGS. The record reflects that on September 24, 2001, petitioner Christopher French ("French") was convicted in Little River County, Arkansas, Circuit Court of three crack cocaine-related criminal offenses.[1] He was sentenced for the offenses to a cumulative term of thirty-two years imprisonment in the custody of respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction. The judgment of conviction in the criminal proceeding was eventually entered on the docket by the Little River County, Arkansas, Circuit Clerk on October 2, 2001. The record reflects that French did not prosecute a direct appeal of the judgment of conviction nor did he petition the United States Supreme Court for a writ of certiorari.

---

[1] He was convicted of possession of a controlled substance with intent to deliver; of the delivery of a controlled substance; and of an enhancement, specifically, of delivery near an facility designated in Ark Code Ann. 5-64-411.

On January 22, 2002, French filed a trial court petition for the reduction of his sentence. He apparently maintained in the petition that because he was a first-time offender and because the natures of his offenses were allegedly non-violent, the three sentences imposed by the trial judge should have been ordered to be served concurrent with, and not consecutive to, each other. Notwithstanding his assertion of error, the petition was denied on January 25, 2002. The record reflects that he did not appeal the denial of his petition.

On September 10, 2004, French filed a trial court petition for a writ of error coram nobis. He apparently maintained in the petition that the prosecution had withheld exculpatory evidence. Notwithstanding his assertion of error, the petition was denied on September 16, 2002. The record reflects that he did not appeal the denial of his petition.

On May 9, 2005, French filed a trial court petition for writ of habeas corpus. He maintained in the petition that his conviction was obtained as a result of an illegal search and that his trial attorney failed to provide constitutionally adequate representation when counsel did not object to the introduction of evidence arising from the illegal search. Notwithstanding his assertions of error, the petition was denied on May 20, 2005. French is currently appealing the denial of his petition; his appeal is currently before the Arkansas Supreme Court. As of this date, no final disposition of his appeal has been made. See <http://courts.state.ar.us/dockets/cases/CR05-690.txt>

FEDERAL COURT PROCEEDINGS. On September 4, 2005, French signed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. He advanced the following claims in his petition: (1) his conviction was obtained as a result of an illegal search, and (2) his trial attorney failed to provide constitutionally adequate representation when counsel did not object to the introduction of evidence arising from the illegal search. The record reflects that the Clerk of the Court for the United States District Court for the Eastern District of Arkansas did not actually file-mark the petition until September 13, 2005.

On October 7, 2005, Norris filed a three-fold response to French's petition. Norris first maintained that French's petition should be dismissed because it is time barred, specifically, that it was filed more than one year after the judgment of conviction became final. Assuming, *arguendo*, that the petition is timely, Norris maintained that it should be dismissed because French is "presently availing himself of an available state corrective process to challenge his judgment [of conviction], ..." See Document 5 at 4. Norris last maintained that the petition should be dismissed because French's claims are procedurally barred from federal court review.

The Court conducted an extremely brief review of the record in this proceeding. The Court determined that French should be notified of Norris' reasons for seeking the dismissal of the petition. French was so notified and invited to submit a reply to Norris' response.

-3-

French accepted the invitation by filing a reply on December 22, 2005. In that submission, he maintained that his petition is not time barred. He specifically maintained that it had taken him a considerable amount of time-at least through September 27, 2004-to acquire information undermining the credibility of a witness whose statement had been used to support the issuance of a search warrant. French also maintained that the claims advanced in his petition are not procedurally barred from federal court review. He specifically maintained that he has raised the claims in his trial court petition for writ of habeas corpus, the denial of which is presently on appeal to the state Supreme Court.

The Court has now had an opportunity to fully review the parties' submissions. In light of that review, the Court makes the following disposition of French's petition.

EXHAUSTION. As noted above, the Court invited French to submit a reply to Norris' response. Although the Court devoted considerable attention in that invitation to two of Norris' grounds for dismissal, i.e., his assertions that French's petition is allegedly time-barred and, alternatively, that the claims contained in it are allegedly procedurally barred from federal court review, the Court did make note in the invitation of Norris' third ground, i.e., French is "presently availing himself of an available state corrective process to challenge his judgment [of conviction], ..." See Document 5 at 4. After some reflection, the Court finds that the third ground advanced by Norris is worthy of consideration and should be addressed first.

"The doctrine of exhaustion prescribes that 'as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'" See Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) [quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)]. "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims many be vindicated and unfounded litigation obviated before resort to federal court." See Id. The exhaustion requirement may nevertheless be waived if "special circumstances are present." See Id.

French raised two claims in his trial court petition for writ of habeas corpus, those being, his claim that his conviction was obtained as a result of an illegal search and his claim that his trial attorney failed to provide constitutionally adequate representation when counsel did not object to the introduction of evidence arising from the illegal search. The petition was denied, and French began an appeal of the denial of his petition. He acknowledges that the appeal is on-going, specifically noting that the state Supreme Court is "still pending decision on [his two claims]." See Document 2 at 6, 8.[2] Notwithstanding the fact that his appeal was and continues to be on-going, he commenced the proceeding at bar by filing a petition for writ of habeas corpus in which he raised the same claims now before the state Supreme Court.

---

[2] His acknowledgment is supported by a visit to the relevant page of the state Supreme Court website, i.e., <http://courts.state.ar.us/dockets/cases/CR05-690.txt>

Without question, French has not exhausted the claims at bar. They are both before the state Supreme Court in the context of an appeal of the denial of his trial court petition for writ of habeas corpus. Although the exhaustion requirement is capable of being waived, he has not shown that special circumstances exist to negate the requirement and the Court knows of none.

<u>CONCLUSION</u>. On the basis of the foregoing, the Court finds that the petition at bar must be, and is, dismissed because it contains two unexhausted claims. The dismissal of this petition, though, is without prejudice.[3] Judgment will be entered for Norris.

IT IS SO ORDERED this __23__ day of January, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court takes no position on Norris' assertions of limitations and procedural default.